Miles M. Masog, #024927
RENAUD COOK DRURY MESAROS, PA
One North Central, Suite 900
Phoenix, Arizona 85004-4417
Telephone:  (602) 307-9900
Facsimile:   (602) 307-5853
*Attorneys for Defendant Transworld Systems Inc.*

E-mail:   docket@rcdmlaw.com
              mmasog@rcdmlaw.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Millard Charles Finch Jr. and Samantha T. Finch, husband and wife, | No. 2:21-cv-01236-PHX-SMB |
| Plaintiff, | |
| v. | **RULE 26(f) MEETING AND JOINT CASE MANAGEMENT REPORT** |
| Transworld Systems Inc., a corp.; | |
| Army, Air Force and Exchange Service ("AAFES"), a gov. agency in the DoD, | |
| Defendants. | |

Plaintiff, Millard Charles Finch Jr. and Samantha T. Finch ("Plaintiffs") and Defendants, Transworld Systems Inc. ("TSI") and Army, Air Force and Exchange Service ("AAFES"), pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order of October 20, 2021, respectfully submit the following Proposed Joint Discovery Plan:

1. **The parties who attended the Rule 26(f) meeting and assisted in developing the Plan:**

Plaintiffs:          Millard C. Finch and Samantha Finch

TSI's Counsel:       Miles Masog, of RENAUD, COOK, DRURY, MESAROS, PA.

AAFES' Counsel:   Lisa M. Hemann of the U.S. Attorney's Office, District of Arizona. Although AAFES provided input for this report, it respectfully submits that entering a scheduling order is premature at this time. *See Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994) (federal courts are courts of limited jurisdiction and it is presumed that a cause lies outside of the jurisdiction of a federal court unless proven otherwise).

2. **A list of the parties in the case, including any parent corporations or entities (for recusal purposes):**

Plaintiffs: Millard C. Finch and Samantha Finch, husband and wife

Defendants: Transworld Systems Inc. (wholly owned subsidiary of Aston Acquisition Corp) and Army, Air Force and Exchange Service

3. **A short statement of the nature of the case (3 pages or less), including a description of each claim and defense:**

Plaintiffs:  This case sounds in contracts, sounds in tort, constitutional causes of action and federal and state criminal causes of action.  According to AAFES's report to consumer reporting agencies Equifax, TransUnion, and Experian, a Military Star card was opened in TSG Finch's name on February 17, 1993.  On or around December 2013, TSG Finch et.al. closed the Military Star Card account and no new purchases were made on the Military Star Card after December 2013 or thereabout.  [ref:  Account Statement dated December 9, 2013 to January 8, 2014 onward]  In November 2014, AAFES issued an account statement claiming a balance due of $7,228,81. Even though the card had

been closed, TSG Finch continued to make monthly payments, AAFES continued to add interest to the balance.  In November 2014, or thereabout, TSG Finch et.al.  authorized a $216.51 monthly allotment from the retired military pay account to pay towards AAFES's claimed indebtedness.  According to Defense, Finance and Account Service ("DAFS"), only AAFES could access TSG Finch's military retired pay account using the "automated tape" to initiate the monthly allotments.  The allotment was to continue until the debt was paid in full – on or around September 2017 (2 years, 9 months or thirty-three (33) monthly allotments). (37 U.S.C. §1007(c)) Because AAFES's claimed indebtedness was due to be paid in full within a period of three years, TSG Finch's Military Star Card account was categorized as an "internal offset" and therefore was excluded from being transferred to a private collection contractor.   (31 CFR §285.2, *see also* 31 CFR §901.5(b) and 31 U.S.C. 3711(g)) (*see*  Doc. 27)

Pursuant to 31 CFR IX, Pt 900.2(b), "A debt is "delinquent" if it has not been paid by the date specified in the agency's initial written demand for payment or applicable agreement or instrument (including a post-delinquency payment agreement), <u>unless other satisfactory payment arrangements have been made</u>."  (emphasis added)  March 1, 2016 or thereabout, after nearly one (1) year and four (4) months of receiving the monthly allotment as agreed upon (16 out of the 33), AAFES began reporting adverse information to consumer reporting agencies which AAFES knew to be false.  The false information reported to the credit reporting agencies by AAFES include but is not limited to the following:  (1) AAFES reported to Equifax that the date of Finch et.al.'s first *delinquency* was March 1, 2016;  (2) AAFES  reported to TransUnion that TSG Finch's account went to *collections* in June 2016 and continued in collections until April 2021; (3) AAFES reported to Experian that TSG Finch's account went to collections in June 2016 and continued until April 2021;  (4)  AAFES reported to Equifax that TSG Finch's account

went to collections in July 2017 and continued until April 2021; (5) AAFES reported to Experian that TSG Finch's debt was *charged off* in June 2016;  (6) AAFES reported to Experian that AAFES had *written off* $5,954 of  the debt AAFES claimed TSG Finch owed AAFES.

In August 2016, having received 21 out of the 33 monthly allotments – the payment schedule of which was not interrupted by TSG Finch et.al. – AAFES transferred TSG Finch's account to Transworld Systems, Inc. ("TSI"). According to TSI, "AAFES placed an account in Millard Charles Finch Jr.'s […] name on or around 8/18/16 (the "Account")" which was in violation of the terms and conditions of the contract and in violation of federal and state criminal statutes.  The terms and conditions of the contract required that TSG Finch's account be excluded from being transferred to a private collection contractor, the account was not delinquent. AAFES, further, placed TSI's name on the payment coupon which was affixed to the account statements TSI and AAFES sent to Plaintiffs via the U.S. Postal Service, whose letterhead consisted of the Department of Defense ("DoD") logo and AAFES's brand logo, demanding that Plaintiffs give money to TSI.  Furthermore, TSI was not a private collection agency at the time AAFES transferred TSG Finch's account to TSI.  The Bureau of the Fiscal Service's authority to "enlist the services of PCA contractors became effective on January 26, 2018".  [https://fiscal.treasury.gov/cross-servicing/private-collection-agencies.html]

In September 2017, after AAFES had collected its claimed indebtedness in full (around September 2017, or 33 out of 33 monthly allotments) AAFES continued to use the automated tape to take money from TSG Finch et.al.' retired military pay account. AAFES continued to report to consumer reporting agencies Equifax, TransUnion and Experian that TSG Finch et.al. still owed AAFES a debt, that AAFES was still collecting money from TSG Finch.   AAFES and TSI continued to send account statements

representing to Plaintiffs a balance due to AAFES and TSI and that zero dollars in fees were being collected. TSI's name continued on the payment coupon even though TSI was not an authorized private collection agency in September 2017.

In a letter dated March 9, 2021, TSG Finch requested AAFES and TSI provide a copy of his records. Both AAFES and TSI failed to respond, violating 5 U.S.C. §552a. On April 11, 2021, or thereabout, TSG Finch et.al. lodged a complaint against AAFES and TSI with the Consumer Financial Protection Bureau ("CFPB"). In response to the CFPB, TSI acknowledged that an account in TSG Finch's name was in its system, that the account had been closed and that TSI would not communicate with TSG Finch et.al. regarding his claims. TSI failed to provide TSG Finch a copy of his records which TSI acknowledged was in its system of records, violating 5 U.S.C. §552a. AAFES's response to TSG Finch's CFPB complaint was to provide the CFPB with terms and conditions of a contract which did not pertain to the Military Star card which AAFES reported was opened on February 17, 1993 in TSG Finch's name.. (*See* Doc. 27)   These material facts support Plaintiffs claims of *FDCPA,* FCRA, *EFTA* and 5 U.S.C. §552a violations which supports further claims of: theft – ARS §13-1802; embezzlement – ARS §13-1802; fraudulent schemes and artifices – ARS §13-2310; conspiracy – ARS §13-1003; mail fraud – 18 U.S.C. §1341; wire fraud – 18 U.S.C. §1343; material false statement to CFPB – 18 U.S.C. §1001; "Compulsory Involuntary Servitude" - 13th Amendment, Section 1; Fifth Amendment violation; 42 U.S.C. §1986 – Action for neglect to prevent; 42 U.S.C. §1983 ("Section 1983"); unjust enrichment; breach of contract; breach of fiduciary duty; breach of good faith and fair dealing; tortious interference with contract; 18 U.S.C. §1951-7 Hobbs Act - Affecting Interstate Commerce; 18 U.S.C. §1951-6 Hobbs Act - Extortion Under Color of Official Right; i.e. (*see* Doc. 27, 9:25-28, 10:1-11)

TSI:   Army and Air Force Exchange Services (AAFES) placed an account in Millard Charles Finch Jr.'s (Millard) name on or around 8/18/16 (the "Account"). AAFES, through a garnishment, was authorized to withdraw funds from Millard's bank account.  At no time did TSI make any changes to or determine the amount to withdraw from Millard's Account. TSI did not credit report the Account. TSI disputes the merits of the claims in the complaint and denies any violations, liability, wrongdoing or damages, including, but not limited to claims under the Fair Debt Collection Practices Act, the Electronic Funds Transfer Act, and the Fair Credit Reporting Act.

AAFES: This case concerns the recovery of unpaid debt on Plaintiff Millard Finch's Military Star credit card account ("the Debt").  According to the Complaint, AAFES, which operates the Military Star credit card account, was authorized to receive a set-off from Plaintiff Millard Finch's retired pay account in payment of the Debt. However, Plaintiffs allege that, at some point in August or September of 2020, the authorized deductions from Mr. Finch's retired pay account either stopped altogether or were reduced.  They allege that this resulted in Mr. Finch incurring more interest, debt, and fees on his account.  Plaintiffs further allege that Mr. Finch was not notified about the change in his account status.

Plaintiff Millard Finch and his wife, Samantha Finch, file this lawsuit against both AAFES and TSI, the debt collector, alleging violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Electronic Funds Transfer Act.  AAFES disputes that there is subject matter jurisdiction for any of the claims against AAFES because it is a federal entity entitled to sovereign immunity and there is no clear and unequivocal waiver of its sovereign immunity in the statutes. Further, because there has not been a jurisdictional determination made in this case, AAFES has not yet filed an answer.  Therefore, AAFES explicitly reserves the right to

raise any and all defenses available to it, including but not limited to those expressly found in Fed. R. Civ. P. 8 and 12, as well as any other defenses whether created by statute/law or otherwise available in common law.

**4. The jurisdictional basis for the case, citing specific jurisdictional statutes:**

<u>Plaintiffs</u>:   This court has jurisdiction over this case due to diversity of citizenship.  Plaintiffs are residents of Surprise, Maricopa County, AZ and a citizen of the United States.  The defendant Transworld Systems Inc. ("TSI") is a corporation, incorporated in Fort Washington, PA and a citizen of the United States.  The defendant Army, Air Force and Exchange Service ("AAFES") is a government agency in the Department of Defense, a resident of Dallas, TX.

This court also has supplemental jurisdiction pursuant to 28 U.S.C.  §1367 – Supplemental jurisdiction.  Plaintiffs' state law claims arise under the common law and statues of the State of Arizona and which arise from a common nucleus of operative facts.

The United States' sovereign immunity has been waived in the statutory text of the Fair Debt Collection Practices Act ("FDCPA") - 15 U.S.C. §1692(e)(6) which defines AAFES as a debt collector; in the statutory text of the Electronic Fund Transfers (Regulation E) – 12 CFR §1005.2 (i) which defines AAFES as a financial institution and is liable under the Electronic Funds Transfer Act  ("EFTA") – 15 U.S.C. §1693h(a),  §1693n(a)(1), §1693m; in the statutory text of the Fair Credit Reporting Act ("FCRA") – 15 U.S.C.§ 1681a(b).

The United States' sovereign immunity has been waived in the text of AR215-8/AF134-211(I), Chapter 1-11(c) because the above entitled action sounds in tort and in contracts.

28 U.S.C. 1491(a)(1) (The Tucker Act) waives the United States sovereign immunity because the above entitled action sounds in contracts.

28 U.S.C. 2674 –(The Tort claims Act) waives the United States sovereign immunity because the above entitled action sounds in tort.

The United States' sovereign immunity has also been waived because the above entitled action is a matter of constitutionality, a matter of judicial criminal enforcement. "No man in this country is so high that he is above the law.  No officer of the law may set that law at defiance with impunity.  All the officers of the government, from the highest to the lowest, are creatures of the law, and are bound to obey it."(*United States v. Lee* - 106 U.S. 196, 1 S. Ct. 240 (1882))

TSI: The District Court has federal question jurisdiction over these claims pursuant to 15 U.S.C. § 1331.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the alleged events or omissions giving rise to the claims occurred in this District.

AAFES:  AAFES objects and asserts that there is not a jurisdictional basis for the claims raised against it.  As is set forth in AAFES' pending Motion to Dismiss (Docs. 25, 32), there is no subject matter jurisdiction for any of the claims against AAFES.

**5.  Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared:**

Plaintiffs:  All parties have been served.

Defendants: All Parties have been served and TSI has answered.  AAFES has been served and filed a Motion to Dismiss, which is fully briefed and currently pending before the Court.  AAFES has not yet filed an Answer because there is no jurisdiction

for the claims against AAFES since it is a federal entity entitled to sovereign immunity. (*See* Docs. 25, 32.)

**6. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings:**

Plaintiffs: Plaintiffs anticipate filing a Rule 15 motion to amend complaint to add additional claims. Plaintiffs may need to add additional parties if information discovered dictates.

Defendants: The Parties do not anticipate adding any further parties to the case at this time.

**7. A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705):**

Plaintiffs: Plaintiffs anticipate filing a motion for summary judgment (Rule 56); the motion is dispositive. Regarding Fed. R. of Evidence 702, 703, 704 and 705; at this point in the litigation process – as Plaintiffs have had no discovery – Plaintiffs do not believe their causes of action require expert witnesses. Plaintiffs anticipate filing motion in limine to permit into evidence information which AAFES and TSI erroneously claim to be privileged or work-product. Attorney-client privilege has been waived between AAFES and Lisa Hemann. Attorney-client privilege has been waived between TSI and its counsel. Under the Dirty Hands Doctrine, there should be no consideration In the United States District Court For the District of Arizona or any court in the United States of America for granting AAFES and TSI any relief. [1]

---

[1] Dirty Hands Doctrine - See *Deweese v. Reinhard*, 165 U.S. 386, 390 (1897) ("if the conduct of the plaintiff be offensive to the dictates of natural justice, then, whatever may be the rights he possesses and whatever use he may make of them in a court of law, he will be held remediless in a court of equity."); Miller v. Beneficial Mgmt. Corp., 855 F. Supp. 691, 712–713 (D.N.J. 1994) ("Whenever a party who seeks to set the judicial

TSI:  TSI anticipates filing a Motion for Judgment on the Pleadings as to Mrs. Finch, a Motion for Summary Judgment as to Mr. Finch, and, if applicable, Motions in Limine.   Additionally, should Plaintiffs be allowed to amend their Complaint, TSI would contemplate, and reserves the right to file, a motion to dismiss at that time.

AAFES:  AAFES filed a Rule 12(b)(1) motion concerning the lack of subject matter jurisdiction and seeking dismissal of all claims against it.   That dispositive motion is currently pending before the Court.   To the extent any claim(s) against AAFES survive(s), AAFES reserves the right to file a dispositive motion (for summary judgment) on those remaining claims.   To the extent Plaintiffs file an amended Complaint, AAFES reserves the right to file a motion to dismiss upon evaluation of the amendments.   Finally, and to the extent AAFES remains a party in this litigation, AAFES reserves the right to file motions related to any potential discovery disputes, and motions in limine, should they become necessary.

**8.  Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial:**

The parties do not consent.

Plaintiffs: TSI and AAFES do not consent; therefore the matter is moot from Plaintiffs' standpoint.

**9.  The status of related cases pending before other courts or other judges of this Court:**

Defendants:  None**.**

---

machinery in motion and obtain some equitable remedy has violated conscience or good faith, or other equitable principle in his prior conduct with reference to the subject in issue, the doors of equity will be shut against him [or her] notwithstanding the defendant's conduct has been such that in the absence of the circumstances supporting the maxim, equity might have awarded relief.") (citations omitted).

Plaintiffs:  There are no other related cases pending before other courts or other judges of this Court.  However, Ms. Lisa Hemann, current counsel for AAFES, in her Motion to Dismiss (Doc. 25-2) and in her Reply To MTD (Doc 32, 11:1-12), has presented before this court void orders issued by Susan Ritchie Bolton et.al. in an ongoing employment case, *Finch v. MPHC et.al*., the basis of which represents civil and criminal violations and are matters outside this case.  (Rule 56)    Only an inspection of the court records is needed2 to discern that Susan R. Bolton et.al.'s orders, which Ms. Lisa Hemann introduced into this above entitled matter, are void, of no legal effect, represent ongoing civil and criminal violations. Any order based on a void order is itself void, of no legal effect.3   (*see*  i.e. Case: 17-15207, 08/19/2019, ID: 11400990, DktEntry: 34-1; *see also*  Case No. TJ2018-003324, The Superior Court of the State of Arizona, In And For The County of Maricopa, i.e.)

As to why Ms. Lisa Hemann presented before this court the void orders of Susan R. Bolton; there is no need to speculate, since she says the quiet parts out loud in her Reply to MTD (Doc. 32,11:1-12).  First, Ms. Hemann's use of the word "threatens" in her introduction when addressing this court about Plaintiffs exercising their right to amend their complaint, is perceived by Plaintiffs to be a calculated dog-whistle.  (Doc. 25,2:10)  Ms. Hemann asks this court to enforce upon Plaintiffs in this above entitled action the void orders issued by Susan R. Bolton et.al in the matter of *Finch v. MPHC*

---

[22] A voidable order is an order that must be declared void by a judge to be void; a void order is an order issued without jurisdiction by a judge and is void ab initio and *does not have to be declared void by a judge* to be void.  Only an inspection of the record of the case showing that the judge was without jurisdiction or violated a person's due process rights, or where fraud was involved in the attempted procurement of jurisdiction, is sufficient for an order to be void.  *Potenz Corp. v. Petrozzini,* 70 Ill.App.3d617,525 N.E.

3 Orders are void where an order/judgment is based on a void order/judgment, Austin v. Smith, 312 F.2d 337, 343 (1962);English v English, 72 Ill.App.3d 736, 393 N.E.2d 18 (1st Dist. 1979)

*et.al*., effectively asking this court to trespass the law[4], act in excess of a judge's lawful authority and personally limit Plaintiffs from the free exercise of their civil and constitutional rights to access the court. Plaintiffs have a "fundamental right of access to the courts[,]" (D'Amore v. D'Amore, 186 N.J.Super. 525, 529-30 (App.Div.1982)); "There can be no sanction or penalty imposed upon one because of his exercise of Constitutional Rights." (*Sherar v. Cullen,*  481 F. 2d 946 (1973); "The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of Local practice."  (*Davis v. Wechler,* 263 u.s. 22,24; *Stromberb v. California,* 283 U.S. 359; *NCAAP* v. *Alabama*, 375 U.S. 449.   "Where rights secured by the Constitution are involved, there can be no 'rule making' or legislation which would abrogate them." (*Miranda v. Arizona,* 384 U.S. 426, 491; 86 S.Ct. 1603) Title 18 §§241 and 242 makes it unlawful for anyone to interfere with and deprive a citizen of their civil and constitutional rights, a violation of which is punishable by fine and/or imprisonment.  Rule 2.6 provides that "A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard <u>according to law</u>."  (emphasis added)    Fed. R. Civ. P. 1 provides for "..the just, speedy, and inexpensive determination of every action and proceeding."   Ms. Lisa Hemann's request before this court that this court should act unlawfully to interfere with and deprive Plaintiffs of their civil and constitutional rights is unconscionable, an attempt to commit fraud upon the court. (ABA Model Rule 8.3(a))  In Rule 26(f) discussions, AAFES and TSI agreed to ask this court to table Rule 26(f) meeting until after the Rule

---

[4] In Elliot v. Piersol, the Supreme Court held that "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)

16 Case Management Conference, effectively violating fundamental procedure so that AAFES and TSI can be granted relief to which they are not entitled.

      **10. A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced;**

    <u>Plaintiffs</u>:  Plaintiffs do not have any electronically stored information.  All electronically stored information is in the possession and under the control of Defendants AAFES and TSI.  AAFES and TSI state that they are to comply with discovery rules.  However, AAFES believes that the well-established procedural sequence of Rule 26(f) meeting taking place before the Rule 16 Case Management Conference  is prejudicial to AAFES and AAFES and TSI have joined together to contact the court to ask for procedural, substantive and tactical advantage in discovery.

    <u>Defendants</u>: Defendants agree to follow Federal Rules of Civil Procedure as it relates to preservation, disclosures, or discovery of electronically stored information. Defendants do not currently anticipate that discovery in this case will involve complex issues related to electronically-stored information ("ESI"). However, Defendants agree to use reasonable efforts to preserve any relevant documents in their native format to the extent it becomes necessary to inspect ESI.  To the extent such documents are normally maintained by a party in an electronic format and are reasonably accessible, such documents will be produced on paper or paper-equivalent (such as PDF format on a CD-Rom or DVD), or in a mutually agreeable form.

**11. A discussion of any issues relating to claims of privilege or work product;**

<u>Plaintiffs</u>:  5 U.S.C. §552a(i) provides criminal penalties for federal employees who unlawfully disclose agency records §552a(i)(1) (Complaint, para 15); criminal penalties for federal employees who fail to comply with notice requirements §552a(i)(2). (Complaint, para. 14 -17); criminal penalties for federal employees who willfully requests or obtains any record under false pretenses §552a(i)(3). (Complaint para. 4 – 17) TSI could be considered an employee of AAFES for the purpose of §552a(i)(1).  Pursuant to §552a(m)(1) – government contractor:

> When an agency provides by a contract for the operation by or on behalf of the agency of a system of records to accomplish an agency function, the agency shall, consistent with its authority, cause the requirements of this section to be applied to such system.  For purposes of subsection (i)  of this section any such contractor and any employee of such contractor, if such contract is agreed to on or after the effective date of this section, shall be considered to be an employee of an agency.

AAFES and TSI failed to comply with mandatory notice requirements under 5 U.S.C. 552a(i) which is a criminal act.  AAFES and TSI refused to provide TSG Finch et.al. a copy of his records when requested in the letter dated March 9, 2021, when requested by Plaintiffs in the CFPB complaint, which are criminal acts under  5 U.S.C. 552a(i) are form the basis of claims made against AAFES and TSI.  Attorney-client relationship does not exist when legal advice is sought for the purpose of committing a crime or tort.   AAFES and TSI are continuing to engage in the criminal act as defined by 552a. Attorney-client privilege does not exist if a client seeks advice from an attorney to assist with the furtherance of a crime or fraud or the post-commission concealment of a crime or fraud. Privilege does not exist when there is communication with a member of the bar "for the purpose of committing a crime or tort" including

asking the court for relief to which AAFES and TSI are not entitled and the grant of which would prevent TSG Finch from obtaining information to which he is entitled under 5 U.S.C. 552a or would unnecessarily result in TSG Finch et.al. having to engage in further litigation including an appeal or filing other federal complaints in order to obtain the information.. (*United States v. United Shoe Mach. Corp.,* 89 F. Supp. 357, 358-59 (D. Mass. 1950) (*see* Doc. 27 – Pltf Opp. To MTD)    AAFES and TSI have stated that they anticipate "filing motion for Protective Order to facilitate the exchanging of documents in discovery and claw-back procedures". There is no privilege or work product protection for the information which Plaintiffs seek to discover.   On January 3, 2022, AAFES and TSI have agreed to contact the court directly, via email communication, outside the presence of Plaintiffs, for the purpose of asking this court to violate federal rule of civil procedure and conduct a Rule 16 conference before parties engage in Rule 26(f) meeting.  AAFES has stated specifically, "The Court's ruling [on AAFES's MTD (Doc. 25)] will determine which parties and which claims remain part of the litigation.  To that end, <u>holding the Rule 16 conference before the parties know the scope of the case is prejudicial to my client</u>…" (para 2, lines 1-3) (emphasis added)   Clearly by asking this court to violate federal rules of civil procedure, that AAFES and TSI's attempt to conceal from Plaintiffs the information to which TSG Finch et.al. is entitled under 5 U.S.C. 552a is ongoing and therefore privilege and work product protection is waived for AAFES and its current counsel Lisa Hemann and for TSI and its current counsels.

TSI:    TSI intends on filing motion for Protective Order to facilitate the exchanging of documents in discovery and claw-back procedures.  During an initial 26(f) conference between only TSI and Plaintiffs, Plaintiffs objected to any protective order.

AAFES:   To the extent AAFES remains a party to this litigation, AAFES reserves the right to join motion for a protective order.

**12. A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case;**

Plaintiffs:  AAFES and TSI both believe that an order under Fed. R. of Evidence 502(d) is not warranted.   Plaintiffs agree that an order under Fed. R. of Evidence 502(d)[5] is not warranted because the information connected with this litigation is in the possession and under the control of AAFES and TSI and is indeed not privilege and warrants no protection.   AAFES and TSI's contemplating filing motions in limine, motions for a protective order and asking this court to establish  for them "claw-back procedures" is a strategy in futility, wasting time and money. Plaintiffs will be prepared to properly respond.

TSI:  TSI believes an order is not warranted.

AAFES:   To the extent AAFES remains a party to this litigation, it does not anticipate the need for a separate order pursuant to Rule 502(d).

**13. A discussion of necessary discovery, including:**

**a.  The extent, nature, and location of discovery anticipated by the parties:**

Plaintiffs:   Plaintiffs seek to discover only what is required under 5 U.S.C. § 552a and information which supports Plaintiffs' claims and Defendants' affirmative and other defenses.  The extent of discovery will be determined by AAFES and TSI.

---

[5] Fed. R. Evidence 502 (d) Controlling Effect of a Court Order. A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding.

The nature of the discovery will be written to include interrogatories (Rule 33), requests for production of documents (Rule 34), and requests for admissions (Rule 36). Any further use of discovery tools will largely depend on the TSI and AAFES's initial disclosure. TSI and AAFES's failure to disclose to Plaintiffs all the information in their possession and under their control which supports Plaintiffs' claims and Defendants' affirmative and other defenses will leave Plaintiffs no other option but to utilize additional discovery tools, including issuing subpoenas for documents and/or deposition testimony from nonparties (Rule 45) including TSI and AAFES account managers and past officers and directors; employing written deposition (Rule 31) or deposition oral examination (Rule 30). That Plaintiffs are engaging in this discovery is inconsistent with judicial economy as it imposes on Plaintiffs unnecessary expenses and expenditure of time to obtain documents to which they are entitled under 5 U.S.C. 552a.

TSI: TSI will seek discovery regarding Plaintiffs' claims and alleged damages, as well as Defendants' defenses. TSI anticipates conducting written discovery including Interrogatories, Requests for Production of Documents and Admissions and requesting depositions for Plaintiffs.

AAFES: AAFES asserts that there is no jurisdiction for the claims against it. Consequently, AAFES respectfully objects to the adoption of a discovery schedule until it is known whether AAFES will remain a party to this action and, if so, which claims will proceed against it. However, to the extent AAFES remains a party to this litigation, AAFES reserves the right to issue general written discovery requests and taking depositions of witnesses. AAFES further reserves the right to utilize subpoenas to obtain any necessary records from non-parties. Further, AAFES reserves the right to identify and disclose expert witnesses and their opinions, and to conduct depositions of any experts utilized by the other parties in this litigation.

**b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure:**

<u>Plaintiffs</u>:  No suggested changes.

<u>TSI</u>:    TSI proposes keeping the limit imposed by Fed. R. Civ. P. 33 for not more than 25 interrogatories directed to any one party.  TSI also proposes limiting remaining discovery as follows:

- Not more than 25 Requests for Production directed to any one party;
- Not more than 25 Requests for Admission directed to any one party.

<u>AAFES</u>:  AAFES asserts that there is no jurisdiction for the claims against it. Consequently, AAFES respectfully reiterates its objection to the adoption of a discovery plan at this time because it is unknown whether AAFES will remain a party to this action and, if so, which claims will proceed against it.  However, to the extent AAFES remains a party to this litigation, AAFES reserves the right to propose keeping the limit imposed by Fed. R. Civ. P. 33 for not more than 25 interrogatories directed to any one party.   AAFES further reserves the right to propose limiting remaining discovery as follows:

- Not more than 25 Requests for Production directed to any one party;
- Not more than 25 Requests for Admission directed to any one party;

**c. The number of hours permitted for each deposition, unless extended by agreement of the parties:**

<u>Plaintiffs</u>:  If deposition (Rule 30) becomes necessary, Plaintiffs agree that a time limit of "not more than four (4) hours per deposition" should be suitable.    Plaintiffs may choose to employ Written Examination (Rule 31) and would need time suitable.

TSI will defer to the default rules under Fed. R. Civ. P. 30.

AAFES reiterates the objections asserted above; however, it reserves the right to propose limiting the amount of time for each deposition to four (4) hours.

**14. Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):**

**\*Because AAFES objects that adopting a case management plan at this time is premature, it reserves the right to offer input on the discovery schedule by proposing separate deadlines, as set forth below.  TSI also prefers adopting a case management plan after the Motion to Dismiss has been decided, but has also provided dates certain below.**

**a.  A deadline for the completion of fact discovery and disclosure pursuant to Rule 26(a)(3):**

<u>Plaintiffs</u>:  November 18, 2022.

<u>TSI</u>:  August 12, 2022.

<u>AAFES</u>:  Nine (9) months from the date of the Court's order concerning the pending Motion to Dismiss.

**b.  Dates for complete disclosures of expert testimony under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure:**

<u>Plaintiffs</u>:  Plaintiffs believe that their causes of action do not require expert witnesses.  However, AAFES and TSI, believe there is a need for expert witnesses in this matter but have failed to identify the scope of the expert witnesses, effectively limiting Plaintiffs' capacity to give cogent thought about the discovery time schedule.  Because all the documents and information related to this matter are in the possession and under the control of AAFES and TSI, AAFES and TSI must not delay in providing Plaintiffs their expert witness statements.  Because Plaintiffs do not know the scope of the expert witnesses, Plaintiffs pro se will need sufficient amount of time to review the

expert witness statements, to obtain expert witness for the purpose of rebuttal; although what is sufficient cannot be fairly determined by Plaintiffs at this time.

<u>Initial Expert Disclosure</u>:  February 18, 2022

<u>Rebuttal Expert Disclosure</u>:  August 12, 2022

TSI:

<u>Initial expert disclosure</u>: September 16, 2022.

<u>Rebuttal expert disclosure</u>: October 14, 2022.

AAFES:

<u>Plaintiffs' expert disclosure</u>:  Nine (9) months from the date of the Court's order concerning the pending Motion to Dismiss;

<u>Defendants' expert disclosures</u>:  One (1) month from the Plaintiffs' expert disclosure deadline;

<u>Rebuttal expert disclosures</u>:  Two (2) weeks after Defendants' expert disclosure deadline.

**c.  A deadline for completion of all expert depositions:**

<u>Plaintiffs</u>:  <u>September 16, 2022</u>

<u>TSI</u>:  <u>Expert discovery cut-off</u>: November 18, 2022.

<u>AAFES</u>:  Six (6) weeks from the rebuttal expert disclosure deadline.

**d**. **A date by which the parties shall have engaged in good faith settlement talks:**

<u>Plaintiffs</u>:  October 14, 2022

<u>TSI</u>:  December 16, 2022.

<u>AAFES</u>:  Six (6) months from the date of the Court's order on the pending Motion to Dismiss.

**e**. **A deadline for filing dispositive motions:**

<u>Plaintiffs</u>:  January 20, 2023

<u>TSI</u>:  December 23, 2022.

<u>AAFES</u>:  One (1) month after the deadline for expert depositions.

**15.  Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth the reasons):**

Plaintiff requested a jury trial.  TSI does not contest it.

AAFES respectfully reiterates that, because it is entitled to sovereign immunity, there is no jurisdiction against it.  Therefore, AAFES contests the request for jury trial against it in this case.

**16.  The prospects for settlement, including any request of the Court for assistance in settlement efforts:**

Settlement is unlikely at this time.  The parties would be open to the Court's assistance in facilitating settlement discussions.

<u>Plaintiffs</u>:  The material facts of this case, which include AAFES's continued use of the "automated tape" to order the Defense Finance and Account Service ("DFAS") to issue AAFES money from TSG Finch's retired military pay account even after AAFES had been paid its claimed indebtedness in full and the fact that AAFES placed TSG Finch's account with TSI on 08/16/2016 without lawful authority, knowingly made false credit reports against TSG Finch's records, hiding fees being taken from the cardholder i.e.  give Plaintiffs cause to believe that other military veterans as well as active duty members might be damaged by this same action.   Therefore any settlement that would seek to suppress the material facts of the case will not be accepted as other military members may be informed by this case.

**17.  Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.**

<u>Defendants</u>:  None at this time.

<u>Plaintiffs</u>:  In AAFES's reply to MTD (Doc. 32) AAFES has asked this court to limit Plaintiffs' access to the court, effectively asking this court to deprive Plaintiffs of equal protection of the law and due process of the law.  In AAFES's reply to MTD (Doc. 32) AAFES has failed to refute any of the material facts in Plaintiffs' Oppositional Response to MTD (Doc. 27) In an email dated January 4, 2022, AAFES's disclosed that AAFES had "… contacted the Court's administration to determine the protocol for handling a dispute concerning the Rule 16 conference, and was informed the parties should send this e-mail instead of filing a motion."  Plaintiffs were not aware of this exchange between AAFES and the Court's administration until it was disclosed in the January 4, 2022 email. In email communication between parties, AAFES and TSI agreed to contact the court to ask this court to table the Rule 26(f) meeting until after this court conducted its Rule 16 Case Management Conference, which would be a departure from recognized and established procedure, effectively asking this court to deprive Plaintiffs of equal protection of the law and due process of law.  In the email communication AAFES and TSI made with this court, presenting AAFES's claimed discovery "disagreement", AAFES and TSI misrepresented Plaintiffs' position as "unclear" thereby withholding from this court Plaintiffs' stated position which was: "Since AAFES's objection to exchanging a Rule 26a disclosure statement can be resolved under Fed. R. Civ. P. 26(a)(1)(C),  the supposed "disagreement" does not exist; demonstrating that AAFES has no good cause to postpone the Rule 26(f) meeting and Case Management Conference and no good cause to contact the judge."  (see also

Doc. 33, 3:23-28, 4:1-5)  These material facts indicates to Plaintiffs that AAFES and TSI's violation under 5 U.S.C. 552a(i) is ongoing and under the Dirty Hands Doctrine, there should be no consideration In the United States District Court For the District of Arizona or any court in the United States of America for granting AAFES and TSI any relief.

Plaintiffs request this court to order AAFES and TSI to make the initial disclosure to Plaintiffs without further delay and to produce all the documents and information to which Plaintiffs are entitled under 5 U.S.C. 552a, including all contracts and communication relative to an account in TSG Finch's name being placed with TSI on 08/18/2016 and payments that was made to AAFES and TSI out of TSG Finch retired military pay.

Plaintiffs request this court grant Plaintiffs to amend their complaint to add additional claims.

Respectfully submitted this _7th_ day of January, 2022.

RENAUD COOK DRURY MESAROS, PA


By _/s/ Miles M. Masog_
        Miles M. Masog
        One North Central, Suite 900
        Phoenix, Arizona 85004-4417
        _Attorneys for Defendant Transworld_
        _Systems Inc._

GARY M. RESTAINO
United States Attorney
District of Arizona


_/s/Lisa M. Hemann   (with permission)_
LISA M. HEMANN
Assistant United States Attorney

*/s/Samantha T. Finch (with permission)*
SAMANTHA T. FINCH
*Plaintiff*


*/s/Millard C. Finch (with permission)*
MILLARD CHALRES FINCH
*Plaintiff*

Page 24 of 25

**CERTIFICATE OF SERVICE**

I hereby certify that on this _7th_ day of January, 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmitted a Notice of Electronic Filing to the following CM/ECF participants:


Millard Charles Finch Jr.
Samantha T. Finch
14561 W. Sierra Street
Surprise, AZ 85379
_Plaintiffs Pro Se_

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

LISA M. HEMANN
Assistant United States Attorney
Arizona State Bar No. 024703
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, AZ 85004-4449
_Attorneys for Army, Air Force and Exchange Service_


    I have also served the attached document by _____ on the following persons who are not registered participants of the CM/ECF System:


    _By s/ meb_____