**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Millard Charles Finch, Jr., et al., | No. CV-21-01236-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Transworld Systems Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Defendant Transworld Systems Incorporated's ("TSI") Motion to Dismiss Plaintiffs Millard Charles Finch. Jr. ("Charles") and Samantha Finch's ("Samantha") (collectively "Plaintiffs") First Amended Complaint. (Doc. 67.) Plaintiffs filed a Response (Doc. 69), and TSI filed a Reply (Doc. 71). The Court exercises its discretion to resolve this Motion without oral argument. *See* LRCiv 7.2(f) ("The Court may decide motions without oral argument."). After reviewing the briefing and relevant law, the Court will grant TSI's Motion in part for the reasons discussed below.

Also before the Court is an issue to be addressed sua sponte. On January 25, 2023, the Court acknowledged that nearly all documents filed by "Plaintiffs" lacked Charles' signature as required by Federal Rule of Civil Procedure 11(a). (Doc. 100 at 2.) Most importantly, Charles has not signed the operative Complaint. (*See* Doc. 52-1 at 70–71.) Instead of immediately dismissing Charles, the Court provided him an opportunity to cure any Rule 11(a) deficiencies by filing an affidavit attesting to his retroactive signing of the numerous documents cited in the Court's Order. (*See* Doc. 100 at 2.) Charles has not filed

such an affidavit, nor has he signed any filings since the Court's issuing the January 25 Order. The Court will therefore dismiss Charles without prejudice for failure to sign the First Amended Complaint and strike all of Plaintiffs' documents cited in the Court's Order (*id.*) to the extent they are attributed to Charles. *See* Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."). Despite Charles' dismissal, the Court will nonetheless analyze the substance of TSI's Motion as applied to both Plaintiffs.

## I.   BACKGROUND

This case involves TSI's alleged improper receipt of money from Charles' retired military pay account. (Doc. 67 at 2.) Plaintiffs' original complaint named two defendants: TSI and the Army, Air Force and Exchange Service ("AAFES"). (Doc. 1 at 1.) The Court dismissed AAFES in March 2022 for lack of jurisdiction. (*See* Doc. 38 at 7–8.) In May 2022, Plaintiffs filed their First Amended Complaint, which again listed TSI and AAFES as the two Defendants. (Doc. 52 at 1.) Plaintiffs allege many claims, some with multiple counts, in their 131-page First Amended Complaint.[1] (*See* Docs. 52; 52-1.) TSI now moves to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 67 at 1.)

## II.   LEGAL STANDARD

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). *See* Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (cleaned up). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint will survive a motion to dismiss if its claims

---

[1] The Court dismissed AAFES from this case on March 25, 2022. (Doc. 38.) Despite amending their Complaint, Plaintiffs did not omit their claims against AAFES. (*See* Docs. 52; 52-1.) The Court will consider no allegation, claim, or argument made against AAFES in the First Amended Complaint.

contain sufficient factual assertions, which if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## III. ANALYSIS

In its Motion, TSI contends: (1) Plaintiffs' Privacy Act claims do not apply to private entities like TSI; (2) Plaintiffs allege many claims with no private right of action; and (3) Samantha Finch has no standing to bring claims under the Fair Debt Collection Practices Act ("FDCPA") or breach of contract; and (4) many of Plaintiffs' claims are insufficient under Rule 8. (Doc. 67 at 3–8.)

### A. Privacy Act

TSI argues Plaintiffs' claims under the Privacy Act do not apply to private entities. (*Id.* at 6.) The Court agrees. Claims 4 and 5 of the First Amended Complaint allege fourteen total counts of alleged violations of the Privacy Act. (*See* Doc. 52 at 29–47.) While the Privacy Act offers broad protections, "its civil remedy provision is far less expansive." *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999). The Privacy Act's civil remedy provisions do not apply to private entities, like TSI. *See id.*; *see also Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985) (interpreting 5 U.S.C. § 552a(g)(1) as limiting private civil actions to only those against United States government agencies). Plaintiffs do not dispute that TSI, a private corporate defendant, is not a government agency. (*See* Docs. 15 at 1; 52 at 1.) As such, the Court will dismiss Claims 4 and 5 with prejudice.

### B. Private Rights of Action

TSI cites multiple cases to assert that some of Plaintiffs' claims lack a private right of action. (*See* Doc. 67 at 7–8.) Among their many claims, Plaintiffs allege TSI violated: A.R.S. § 13-1802 (theft & embezzlement); 18 U.S.C. § 1951—the Hobbs Act (affecting interstate commerce and extortion through fear); 18 U.S.C. § 1341 (mail fraud); and 18 U.S.C. § 1343 (wire fraud). (Doc. 52-1 at 19–28, 51–54, 61–65 (Claims 7–8, 13, and 18–19.))

In *Chabrowski on behalf of ARTBE Enters., LLC v. Litwin*, another court in this district concluded that A.R.S. § 13-1802 provides no private right of action by civil litigants. No. CV-16-03766-PHX-DLR, 2017 WL 2841212, at *2 (D. Ariz. Jan. 19, 2017). Courts may not infer a private right of action "based on a criminal statute where there is no indication whatsoever that the legislature intended to protect any special group by creating a private cause of action by a member of that group." *Phx. Baptist Hosp. & Med. Ctr., Inc., v. Aiken*, 877 P.2d 1345, 1350 (Ariz. Ct. App. 1994) (quoting *Ward v. Fireman's Fund Ins. Cos.*, 731 P.2d 106, 111 (Ariz. Ct. App. 1986)). Without any indication that the Arizona legislature meant to protect a special group of people in A.R.S. § 13-1802, Plaintiffs have no private right of action as civil litigants. *Chabrowski*, 2017 WL 2841212, at *2 (citing *Ariz. Green Party v. Bennett*, No. CV-10-1902-PHX-DGC, 2010 WL 3614649, at *4 (D. Ariz. Sept. 9, 2010) (holding Arizona criminal statutes have no private right of action absent the requisite legislative intent)).

In *Abcarian v. Levine*, the Ninth Circuit Court of Appeals interpreted whether the Hobbs Act's language creates a private remedy. 972 F.3d 1019, 1025–26 (9th Cir. 2020). The *Abcarian* Court held that "the text of the Hobbs Act merely defines a criminal offense and the prescribed punishment for that offense" and contained no "rights-creating language" that would permit victims of extortion to pursue civil claims under the Act. *Id.* at 1026 (cleaned up). The Hobbs Act includes no explicit language to support a private civil right of action. *Id.*

In *Lynn v. Earle*, another Court in this district concluded that neither 18 U.S.C.

§§ 1341 nor 1343 create private rights of action. No. CV05-970-PHX-DGC, 2006 WL 1030374, at *2 (D. Ariz. Apr. 18, 2006). Addressing a similar rationale to *Chabrowski* and *Abcarian*, the *Lynn* Court noted that Congress would have needed to clearly indicate an intent to create a private cause of action under the mail fraud and wire fraud statutes. *Id.* But neither statute contained any such indication. *Id.*

The Court agrees with TSI that Claims 7–8, 13, and 18–19 must be dismissed because the criminal statutes Plaintiffs cite provide no civil remedies. Although not addressed in TSI's Motion, the Court will also dismiss Claims 9–10, which Plaintiffs' assert under A.R.S. §§ 13-2310 (fraudulent schemes and artifices) and 13-1003 (conspiracy). Because Plaintiffs cannot maintain civil actions under these criminal statutes, the Court need not address TSI's alternative argument that Plaintiffs' allegations fail to specify which defendant committed the alleged harms. (*See* Doc. 67 at 8.) The Court will dismiss these claims with prejudice.

### C. Samantha Finch's Standing

TSI raises three arguments challenging Samantha Finch's standing. TSI generally asserts that Samantha Finch lacks Article III standing because she cannot establish a concrete, particularized injury. (Doc. 67 at 9–10.) TSI also asserts that Samantha Finch lacks standing to bring claims under the FDCPA or breach of contract. (Doc. 67 at 8.)

The Court acknowledges that Plaintiffs' claims from the alleged improper removal of money from Millard Charles Minch, Jr.'s retirement military pay account (*see* Doc. 89 at 11 ¶ 10(e)) to recover an alleged debt in Millard's name (*see* Doc. 52 at 3 ¶ 15). But the Court will not dismiss Samantha for a general lack of standing because it is unknown at this time whether Samantha has a community property interest in the retirement military pay account. *See* 10 U.S.C. § 1408(c) ("[A] court may treat disposable retired pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of *the member and his spouse* in accordance with the law of the jurisdiction of such court.") (emphasis added). Arizona law treats "military retirement pay as community property to the extent that it was derived from community efforts." *Edsall*

*v. Superior Ct. in and for Pima County*, 693 P.2d 895, 897 (Ariz. 1984). The Court will afford Plaintiffs, as pro se litigants, the benefit of the doubt that Millard's military retirement pay account was derived from community efforts despite the First Amended Complaint's unspecific allegations to that effect. *See Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008). The Court will therefore only analyze Samantha's standing under the two more specific arguments in TSI's Motion.

TSI argues Samantha cannot assert claims under the FDCPA because she is not a "consumer" under the statute, nor is she obligated on the debt. (Doc. 67 at 9.) "The FDCPA provides a cause of action for consumers who have been exposed to 'abusive debt collection practices by debt collectors.'" *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (quoting 15 U.S.C. § 1692(e)). "As a threshold matter, a suit brought under the FDCPA must involve a 'debt' within the meaning of the statute." *Id.* (citing *Turner v. Cook*, 362 F.3d 1219, 1277 (9th Cir. 2004)). The FDCPA defines debt to include "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). While the First Amended Complaint broadly asserts Samantha is a consumer (*see* Doc. 52 at 3 ¶ 9(d)), no other allegations support that claim. *See Twombly*, 550 U.S. at 555–56 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.") (cleaned up). Plaintiffs allege that the relevant credit account—the "military star card"—was opened in Millard Finch's name. (*See* Doc. 52 at 3 ¶ 15, 20 ¶ 161, 32 ¶ 275.) The First Amended Complaint contains no allegations that Samantha ever had a "consensual obligation" that could constitute a debt under the FDCPA. The Court thus agrees that Samantha Finch is precluded from asserting FDCPA claims (Claim 6) and will dismiss this claim with prejudice. *See Fleming*, 581 F.3d at 926.

Similar to its FDCPA arguments, TSI contends Samantha cannot assert claims for breach of contract because she was neither a party to nor in privity with any contract that

gives rise to Plaintiffs' claims. (Doc. 67 at 10–11.) Generally, "only the parties and privies to a contract may enforce it." *Treadway v. W. Cotton Oil & Ginning Co.*, 10 P.2d 371, 375 (Ariz. 1932). Plaintiffs' "breach of contract" claim contains five counts, including claims for unjust enrichment against AAFES, unjust enrichment against TSI, AAFES' breach of the duty of loyalty, breach of the covenant of good faith and fair dealing, and breach of confidentiality. (Doc. 52-1 at 65–70.) While these claims do not represent standard breach of contract claims, the Court notes that the alleged contract at issue does not permit Samantha to maintain these claims. The "contract" described is the credit card agreement Millard entered into for the military star card. (*See id.* at 69 ¶¶ 1210–13.) Nothing in the First Amended Complaint suggests Samantha was a party to any agreement, let alone the relevant credit card agreement, and Plaintiffs make no allegations that Samantha has privity with the parties to warrant the assertion of contract claims. The Court thus agrees with TSI that these claims (Claim 20) should be dismissed, but the Court will provide Samantha another opportunity to cure these deficiencies, because it is currently unknown whether Samantha had sufficient privity to bring this claim. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

**D.  Rule 8**

TSI argues the First Amended Complaint does not comply with Rule 8 because Plaintiffs fail to specify which defendant—AAFES or TSI—is responsible for the alleged harm in many of their claims. (*Id.* at 5.) TSI continues that "Plaintiffs' First Amended Complaint so intertwines the claims, counts, and allegations alleged against both AAFES and TSI [that] the complaint unanswerable by . . . TSI." (*Id.*)

TSI contends Claim 1, counts 1–3 does not explain whether AAFES or TSI is the alleged wrongdoer. (*Id.*) The Court agrees. "[L]umping together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)." *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996). The allegations

in these counts describe the relationship between Charles and TSI, a debt collector, and some actions TSI took to collect a debt. (*See* Doc. 52 at 9–11.) But none of these counts asserts which defendant committed the violation associated with the count's subheading. (*See id.*) Vagueness is particularly problematic here because AAFES is a dismissed party—TSI is currently unable to discern the alleged misconduct for which it may be liable. *See Iqbal*, 556 U.S. at 678. As for Claim 1, counts 4–6, TSI contends Plaintiffs make allegations against TSI and AAFES as a group, failing to allege TSI's role in the alleged harm. (Doc. 67 at 5.) Plaintiffs assert "AAFES and TSI" violated a separate statute for each count. (*See* Doc. 52 at 12–17.) The Court reiterates the above-described confusion from the First Amended Complaint's failure to identify the allegedly guilty party. The Court will thus dismiss Claim 1 without prejudice and extend another opportunity to amend the operative complaint.

TSI argues Plaintiffs' other claims are similarly defective and "so intertwine[] the claims, counts, and allegations alleged against both AAFES and TSI together" that the claims are unanswerable by TSI alone. (Doc. 67 at 5.) Of Plaintiffs' remaining claims[2], only Claim 14 (tortious interference with a contract) satisfies Rule 8. (*See* Doc. 52-1 at 54–56.) The other claims either fail to distinguish whether AAFES or TSI is the responsible party, identify no obvious defendant at all, or do not allege claims against TSI at all. For example, Claims 2, 11–12, and 15–16 all intertwine allegations against AAFES and TSI such that is undiscernible if TSI is the offending party. (*See* Docs. 52 at 17–20; 52-1 at 45–51, 56–60.) Claims 3 and 17 do not even address TSI. (*See* Docs. 52 at 21; 52-1 at 60–61.) The Court will thus dismiss these claims without prejudice and provide Samantha an opportunity to cure these factual deficiencies. *See Lopez*, 203 F.3d at 1127.

### E. Samantha's Response

In her Response[3], Samantha presents many legal concepts in no coherent manner.

---

[2] Because the Court concludes that Plaintiffs are unable to maintain claims under the Privacy Act or the many criminal statutes cited in the First Amended Complaint, the Court will only address whether Plaintiffs' other claims satisfy Rule 8.
[3] Consistent with the Court's January 25, 2023 Order, the Court will attribute the Response only to the signing party—Samantha. (*See* Doc. 100 at 2–3.)

(*See* Doc. 69 at 2–3.) Samantha also seems to suggest an entitlement to amend the First Amended Complaint by right under Rule 15(a)(1). (*Id.* at 1, 5.) The deadline to amend pleadings by right has long passed. However, the Court will be dismissing the First Amended Complaint without prejudice as to Claims 1–3, 11–12, 15–17, and 20. Samantha's Second Amended Complaint must address the deficiencies identified above and should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure. Samantha will have twenty-one (21) days from the date of entry of this Order to submit another amended complaint, which must clearly designate on the fact of the document that it is the "Second Amended Complaint." The Second Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint or First Amended Complaint by reference. Rule 8 requires pleadings to be short, concise, and direct. *See Carrigan v. Cal. State Legislature*, 263 F.2d 560, 565 (9th Cir. 1959). In contrast to Rule 8's instruction, the 131-page First Amended Complaint was neither short nor concise. Should Samantha choose to file a Second Amended Complaint, she must comply with Rule 8's mandate for brevity.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** dismissing Millard Charles Finch, Jr. for failure to sign nearly all of Plaintiffs' filings in this case (*see* Doc. 100 at 2 (denoting the documents not signed by Charles)), failure to sign the Second Amended Complaint (*see* Doc. 52-1 at 70–71), and failure to comply with the Court's January 25, 2023 Order (*see generally* Doc. 100).

**IT IS ORDERED** granting in part TSI's Motion to Dismiss but denying TSI's Motion as to Claim 14. (Doc. 67.)

**IT IS FURTHER ORDERED** dismissing without prejudice Claims 1–3, 11–12, 15–17, and 20. (Docs. 52 at 7–28; 52-1 at 45–51, 56–61, 65–70.) The Court grants Samantha leave to amend her Complaint within 21 days. Samantha shall not reassert claims or allegations against AAFES that address AAFES' potential liability or wrongdoing—the Second Amended Complaint is to make references to AAFES only as

necessary to support Samantha's claims against TSI.  The Second Amended Complaint must comply with Rule 8's requirement to be short, concise, and direct.

**IT IS FURTHER ORDERED** dismissing with prejudice Claims 4–10, 13, and 18–19.  (Docs. 52 at 29–60; 52-1 at 1–45, 51–54, 61–65.)

Dated this 19th day of April, 2023.

_____
Honorable Susan M. Brnovich
United States District Judge